Maria C. Roberts, SBN 137907
GREENE & ROBERTS, LLP
402 West Broadway, Suite 1025
San Diego, CA 92101
Phone: 619-398-3400
Fax: 619-330-4907
E-mail: mroberts@greeneroberts.com

Attorney for Defendant
MACY'S WEST STORES, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG TESSITORE and SARAH MALLON, on behalf of themselves and all others similarly situated, | Case No. **'18CV2343 DMS KSC** |
| Plaintiffs, | **NOTICE OF REMOVAL** |
| vs. | |
| MACY'S WEST STORES, INC., and DOES 1 through 25, inclusive, | |
| Defendants. | |

PLEASE TAKE NOTICE that Defendant Macy's West Stores, Inc. ("Defendant") hereby removes this case from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California. In support of removal, Defendant states as follows:

///

///

///

## STATEMENT OF JURISDICTION

On September 4, 2018, Plaintiffs Craig Tessitore and Sarah Mallon ("Plaintiffs") filed a PAGA Representative and putative Class Action Complaint ("Complaint") against Defendant in the Superior Court of the State of California for the County of San Diego, Case No. 37-2018-00044691-CU-OE-CTL (the "State Court Action"). Copies of the pleadings and papers of which Defendant is aware of being filed in the State Court Action are collected and attached as Exhibit A.

This case is removable under 28 U.S.C. § 1453(b), because it meets the requirements of the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.) (hereinafter "CAFA"). A defendant's notice of removal under CAFA need only contain a short and plain statement of the grounds for removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551-53, 190 L. Ed. 2d 495 (2014).

## THIS CASE IS REMOVABLE UNDER 28 U.S.C. § 1453(b) BECAUSE IT QUALIFIES AS A "CLASS ACTION" THAT MEETS THE REQUIREMENTS OF 28 U.S.C. § 1332(d)(2)

This case qualifies as a "class action" in which the putative class includes at least 100 members, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and one or more members of the putative class and Defendant are citizens of different states. *See* 28 U.S.C. §§ 1332(d). Consequently, this action is removable pursuant to 28 U.S.C. § 1453, which provides that a "class action" may be removed to federal court in accordance with 28 U.S.C. § 1446(b).

### A.    The Putative Class Includes At Least 100 Members

Plaintiffs purport to bring this action "on behalf of themselves and all other similarly situated current and former sales employees."  (See Ex. A, Complaint ¶ 1.) Plaintiffs define the putative class as follows: "All current and former employees of Macy's West, Inc., who were employed by Macy's in California as commissioned sales employees at any time during the period commencing four (4) years preceding the filing

2

of this complaint up through the time of the final judgment in this matter." (*Id.* ¶ 27.) Based on the class definition, the proposed class contains at least 10,076 members. Thus, the putative class easily exceeds the 100-member requirement imposed by CAFA.

**B.    The Amount in Controversy Exceeds $5,000,000**

"The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co.*, 135 S. Ct. at 551.

Plaintiffs allege, *inter alia*, a claim for failure to pay wages upon termination of employment pursuant to Labor Code §§201-203. (Ex. A, Complaint ¶¶ 49-53.) Although Defendant denies the material allegations in the Complaint, the amount placed in controversy by Plaintiffs' class-based claim for failure to pay wages upon termination exceeds $5,000,000.

Labor Code §§201 and 202 require an employer to timely pay an employee all wages earned and unpaid at or immediately following an employee's termination from employment. If the employer willfully fails to timely pay the employee, Labor Code §203 provides for the assessment of a "waiting time penalty" equal to the amount of the employee's wages at his or her regular hourly rate for each day payment is late, up to a maximum of 30 days. The statute of limitations for a claim for failure to pay wages at termination is three years. *Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389, 1404 (2010).

Plaintiffs allege that Defendant failed to timely pay all wages to putative class members following their termination of employment because, among other allegations, it had previously deducted wages from their earned commissions pursuant to its "illegal Price Adjustment Chargeback policy" and its "illegal Even Exchange Chargeback policy" and did not pay them "these wages at the time of termination or resignation." (Ex. A, Complaint ¶¶ 51-52.) As they allege that Defendant's policies in this regard

"were applied uniformly" to all such putative class members and that all such putative class members "were subjected to" these policies (Complaint ¶¶ 29-30), "Plaintiffs seek, on behalf of themselves and the Class, the penalties provided by Labor Code §203 in *the amount of 30 days of wages* for *each* former Sales Employee." (*Id.* ¶ 53 (emphasis added).)

As Plaintiffs allege that Defendant's purported failure to timely pay all wages to putative class members following their termination of employment was part of a "uniform practice" applying to all such putative class members, the Courts have held that the amount placed in controversy should be determined by calculating the maximum penalties available under Labor Code § 203. *Sanders v. Old Dominion Freight Line, Inc.*, No. 17-cv-2340, 2018 U.S. Dist. LEXIS 38404, *17 (S.D. Cal. March 3, 2018) ("[d]efendant's use of a 100% violation rate is reasonable because the [complaint] seeks penalties for all employees who terminated employment"); *Motley v. Express Pipe & Supply Co.*, No. SACV 17-1938, 2018 U.S. Dist. LEXIS 18761, *13 (C.D. Cal. Feb. 5, 2018) ("use of maximum statutory penalties was reasonable and supported based on class-wide allegations in the complaint"); *Ford v. CEC Entm't, Inc.*, No. CV 14-01420, 2014 U.S. Dist. Lexis 94059, *9 (N.D. Cal. 2014) (a 100% violation rate is reasonable based on the allegations in the complaint and "[b]ecause no averment in the complaint supports an inference that these sums were paid"); *see also: Crummie v. CertifiedSafety, Inc.*, No. 17-cv-03892, 2017 U.S. Dist. LEXIS 168326, *6-10 (N.D. Cal. Oct. 11, 2017) (assuming a 100% violation rate); *Franke v. Anderson Merchandisers, LLC.*, CV 17-3241, 2017 U.S. Dist. LEXIS 119087, *7-9 (C.D. Cal. July 28, 2017) (same); *Mackall v. HealthSource Global Staffing, Inc.*, No. 16-cv-03810, 2016 U.S. Dist. LEXIS 119292, *15-19 (N.D. Cal. Sept. 2, 2016) (same). The maximum penalties available under Labor Code §203 are calculated "by multiplying the 30-day penalty period by the average hourly rate . . . , average hours worked in a day . . . , and the total terminated employees within the limitation period."

///

*Lucas v. Michael Kors (USA) Inc.*, No. CV 18-1608, 2018 U.S. Dist. LEXIS 78510, *
27 (C.D. Cal. May 9, 2018).

In this case, even conservative estimates of the penalties Plaintiffs seek for
Defendant's purported failure to pay all wages at termination, show that the amount in
controversy exceeds $5,000,000.   Since September 5, 2015, a total of 10,076 putative
class members left Defendant's employ, including 4,200 full-time employees and 5,876
part-time employees.  The 4,200 full-time employees worked for an average hourly rate
of $12.98 and worked on average 7.5 hours a day.  The 5,876 part-time employees
worked for an average hourly rate of $11.07 and worked on average between 12 hours
and 20 hours a week.  Assuming conservatively that part-time employees only worked
on average 1 hour a day, the amount in controversy for Plaintiffs' failure to timely pay
all wages at termination is **$ 14,217,519.60** [(30 days x $12.98 average hourly rate x 7.5
average hours worked in a day x 4,200 terminating full-time employees) + (30 days x
11.07 average hourly rate x 1 average hours worked in a day x 5,876 terminating part-
time employees).]  As such, the amount in controversy for this claim alone – without
consideration of Plaintiffs' other class claims or their request for attorneys' fees –
clearly exceed the $5,000,000 amount in controversy threshold for purposes of CAFA
jurisdiction.

C.    **Plaintiffs and Defendant Are Citizens of Different States**

Plaintiffs are citizens of the State of California. Both Plaintiffs allege in the
Complaint that they are citizens of the State of California.  (Ex. A, Complaint ¶ 5.)

For diversity jurisdiction purposes, a corporation is deemed to be a citizen of the
state in which it is incorporated as well as the state where it has its principal place of
business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S. Ct.
1181, 175 L. Ed. 2d 1029 (2010) (holding "'principal place of business' is best read as
referring to the place where a corporation's officers direct, control, and coordinate the
corporation's activities. It is the place that Courts of Appeals have called the
corporation's 'nerve center.'").

Defendant is a citizen of the State of Ohio. At the time Plaintiff filed the State Court Action, Defendant was incorporated under the laws of the State of Ohio. Defendant is still incorporated under the laws of the state of Ohio. At the time Plaintiff filed the State Court Action, Defendant's principal place of business was in Cincinnati, Ohio. Defendant's principal place of business is still in Cincinnati, Ohio. Defendant is not incorporated under the laws of the State of California and does not have its principal place of business in California, either at the time Plaintiff filed the State Court Action or currently.

For purposes of removing a case from state court to federal court, the citizenship of Doe defendants is disregarded, and only named defendants are considered. 28 U.S.C. § 1441(b); *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998).

In accordance with 28 U.S.C. § 1332, there is complete diversity of citizenship because Plaintiffs (California) and Defendant (Ohio) are citizens of different States. *See* 28 U.S.C. § 1332(a)(1),(c)(1).

## REMOVAL IS TIMELY

This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is being filed within 30 days of the service of the Summons and Complaint by Defendant. The Summons and Complaint were served on Defendant on September 14, 2018.  (*See* Exhibit B, Notice and Acknowledgement of Receipt of the Summons and Complaint, *et al*. signed and dated by Defendant on September 14, 2018).

## VENUE

Venue is proper in this district because San Diego County Superior Court is located within the federal Southern District of California and this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## NOTICE TO PLAINTIFFS

As required by 28 U.S.C. § 1446(d), Defendant will provide prompt written notice of the filing of this Notice of Removal to Plaintiffs.

## **NOTICE TO THE SAN DIEGO SUPERIOR COURT**

As required by 28 U.S.C. § 1446(d), Defendant will promptly file this Notice of Removal with the Clerk of the San Diego County Superior Court.

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant removes this case from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California.

Respectfully submitted,

Dated: October 12, 2018            GREENE & ROBERTS

By: _/s/ Maria C. Roberts_
Maria C. Roberts
Attorney for Defendant
Macy's West Stores, Inc.

Exhibit A

# SUMMONS
## *(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MACY'S WEST STORES, INC., and DOES 1 through 25, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CRAIG TESSITORE and SARAH MALLON, on behalf of themselves and all others similarly situated,

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**09/04/2018** at 05:03:09 PM
Clerk of the Superior Court
By Gen Dieu, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Diego County Superior Court<br>330 W. Broadway<br>San Diego, CA 92101 | CASE NUMBER:<br>*(Número del Caso):* 37-2018-00044691-CU-OE-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Offices of Kirk D. Hanson, 2790 Truxtun Rd., Ste 140, San Diego, CA 92106 (619) 523-1992

| DATE: 09/05/2018<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | G. Dieu | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*

   under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☑ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit A
Page 1 of 24

Kirk D. Hanson (SBN 167920)
LAW OFFICES OF KIRK D. HANSON
2790 Truxtun Rd., Ste. 140
San Diego, CA 92106
Tel: (619) 523-1992
Fax: (619) 523-9002
*hansonlaw@cox.net*

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
**09/04/2018** at 05:03:09 PM
Clerk of the Superior Court
By Gen Dieu,Deputy Clerk

Attorneys for Plaintiffs Craig Tessitore
and Sarah Mallon

# IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA,
## COUNTY OF SAN DIEGO

| | |
|---|---|
| CRAIG TESSITORE and SARAH MALLON, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> MACY'S WEST STORES, INC., and DOES 1 through 25, inclusive, <br><br> Defendants. | Case No.   37-2018-00044691-CU-OE-CTL <br><br> **PAGA REPRESENTATIVE CLAIMS AND CLASS ACTION CLAIMS** |

Plaintiffs Craig Tessitore and Sarah Mallon, on behalf of themselves and all others similarly situated, complain and allege as follows:

## I.    INTRODUCTION AND GENERAL ALLEGATIONS

1.    Plaintiffs bring this action on behalf of themselves and all other similarly situated current and former sales employees, who were employed by Defendants MACY'S WEST STORES, INC. and/or DOES 1 through 25, inclusive, (collectively the "Defendants") in the State of California, for violations

COMPLAINT
1

of the California Labor Code and Wage Order No. 7-2001 stemming from Defendants' (1) unlawful deduction of commission wages due to an unlawful "Price Adjustment" chargeback policy and unlawful "Even Exchange" chargeback policy, (2) failure to timely pay final wages upon termination of employment, and (3) unfair competition. Plaintiffs each suffered from these violations.

2.    Plaintiffs bring this lawsuit seeking monetary and injunctive relief against Defendants and each of them, on behalf of themselves, the State of California, the Aggrieved Employees, and the Class Members, to recover, among other things, civil penalties, unpaid wages, interest, attorneys' fees, statutory penalties, and costs and expenses pursuant to California Law.

## II.    **JURISDICTION**

3.    This Court has jurisdiction over this matter pursuant to Labor Code §§ 200, 201, 202, 203, 221, 223, and 2698 et seq., and Wage Order No. 7.

## III.    **VENUE**

4.    Venue as to each Defendant is proper in this court, pursuant to Code of Civil Procedure § 395(a), as each Defendant maintains offices, transacts business, and/or has an agent in San Diego County, and each Defendant is otherwise within this Court's jurisdiction for purposes of service of process. The unlawful acts alleged herein have a direct effect on Plaintiffs and those similarly situated within the State of California and within San Diego County. Defendants employ the Aggrieved Employees and Class Members in San Diego County and other counties in California.

## IV.    **PARTIES**

### **Plaintiffs**

5.    Plaintiff CRAIG TESSITORE resides in the State of California, County of San Diego, and is a citizen of California.  Mr. TESSITORE is currently employed by Defendants in San Diego County, California, as a commissioned sales employee. Plaintiff SARAH MALLON resides in the State of California,

County of Orange, and is a citizen of California.  Ms. MALLON is a former employee of Defendants, and was employed by Defendants during the relevant statutory period in Orange County, California, as a commissioned sales employee. Plaintiffs, the Aggrieved Employees, and the Class Members are all current or former commissioned sales employees of Defendants classified by Defendants as "Draw vs. Commission Associates," "Base Plus Commission Associates" or otherwise classified by Defendants as commissioned sales employees and are collectively referred to herein as "Sales Employees."

**Defendants**

6.    Upon information and belief, Defendant MACY'S WEST STORES, INC., is now, and at all relevant times has been, an Ohio Corporation, and does business throughout the State of California, including San Diego County.

7.    Plaintiffs are ignorant of the true names, capacities, relationships, and extent of participation in the conduct herein alleged of Defendants sued herein as DOES 1 through 25, inclusive, but on information and belief allege that those Defendants are legally responsible for the payment of penalties and damages to Plaintiffs, the Aggrieved Employees, and the Class Members by virtue of Defendants' unlawful actions and practices and therefore sue these Defendants by such fictitious names. Plaintiffs will amend this complaint to allege the true names and capacities of the DOE Defendants when ascertained.

8.    Plaintiffs are informed and believe and based thereon allege that Defendants, and each of them, acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. On information and belief, a unity of interest and ownership between each Defendant exists such that all Defendants acted as a single employer of Plaintiffs, the Aggrieved Employees, and the Class Members.

Exhibit A
Page 4 of 24

## V.    PAGA REPRESENTATIVE ACTION ALLEGATIONS

9.    Plaintiff CRAIG TESSITORE hereby incorporates by reference Paragraphs 1 through 8 above as though fully set forth herein.

10.    The following causes of action brought under the Labor Code Private Attorneys General Act ("PAGA", Lab. C. §§2698-2699.5) are pursued by Plaintiff CRAIG TESSITORE. Plaintiff TESSITORE is an Aggrieved Employee under PAGA as he was employed by Defendants during the applicable statutory period and suffered one or more of the Labor Code violations alleged herein. As such, he seeks to recover, on behalf of the State of California and the Aggrieved Employees of Defendants, all applicable civil penalties provided by PAGA. Moreover, Plaintiff TESSITORE seeks to recover the PAGA civil penalties through a representative action as permitted by California law. Therefore, Plaintiff TESSITORE is not required to seek class certification of the PAGA claims under Code of Civil Procedure § 382, nor does he seek class certification of such claims.

11.    Pursuant to Labor Code § 2698 et seq., on June 15, 2018, Plaintiff TESSITORE submitted, via online service to the California Labor & Workforce Development Agency ("LWDA") and via certified mail to Defendants, a PAGA claim notice letter setting forth the violations by Defendants of various wage and hour rules as alleged herein, which notice letter included the facts and theories supporting the alleged violations. Over sixty-five (65) calendar days have passed since Plaintiff TESSITORE provided the LWDA with his PAGA claim notice letter on June 15, 2018, and there has been no response from the LWDA. Therefore, Plaintiff TESSITORE has exhausted the prefiling requirements of PAGA, and may now prosecute this PAGA representative action.

12.    At all material times, Defendants and DOES 1 through 25 were and/or are the employers of the Aggrieved Employees or are persons acting on behalf of

1  the employers of the Aggrieved Employees, within the meaning of California

2  Labor Code § 558.1, with respect to Defendants' violation of Labor Code § 203.

3

4  ## FIRST CAUSE OF ACTION

5  ### PAGA Civil Penalties for Illegal Commission Chargeback Policies

6  ### (Violation of Labor Code § 221)

7      13.    Plaintiff CRAIG TESSITORE hereby incorporates by reference

8  Paragraphs 1 through 12 above as though fully set forth herein.

9      14.    During Plaintiff TESSITORE's employment with Defendants, he was

10  subjected to unlawful deductions from his earned commission wages under

11  Defendants' illegal commission chargeback schemes. Under Defendants' "Price

12  Adjustment" policy, Defendants deduct wages from the earned commissions of

13  Plaintiff TESSITORE and the Aggrieved Sales Employees when a customer

14  requests a monetary credit for already-purchased merchandise that Defendants

15  subsequently reduce in price after the customer's purchase and after the Sales

16  Employee has been paid commission on the sale (hereinafter referred to as the

17  "Price Adjustment Chargeback policy"). Defendants' Price Adjustment

18  Chargeback policy states:

19

20    A **"Price Adjustment"** occurs when, in accordance with our return
      policies, a customer requests and receives a credit due to merchandise

21    going on sale after the original date of purchase. Price Adjustments
      are processed using the Price Adjustment function on the register.

22    Because the Price Adjustment happens within the Eligible Return

23    Period, the amount of the Price Adjustment is considered a Return and
      is applied against the Original Associate's Gross Sales and the

24    Original Associate retains the remaining value of the original sale.

25

26  Likewise, Defendants' "Even Exchange" policy (hereinafter referred to as "Even

27  Exchange Chargeback policy") deducts wages from the earned commissions of

28  Plaintiff TESSITORE and the Aggrieved Sales Employees when a customer

returns merchandise and replaces it with essentially the same item (e.g. customer returns a shirt in Medium and replaces it with the same item in Large).

15.    Plaintiff TESSITORE and the other Aggrieved Sales Employees were subjected to unlawful deductions of commission wages already paid to the Sales Employees as a result of Defendants' unlawful Price Adjustment Chargeback policy. Defendants' decision to discount merchandise after the sale is a business decision totally beyond the control of the Sales Employees. Defendants' Price Adjustment Chargeback policy operates to illegally shift Defendants' cost of doing business to the Sales Employees by forcing these employees to subsidize the reduction in price of Defendants' merchandise by giving back the commissions they earned on the original sale through illegal deductions from their commission wages. Likewise, Defendants' Even Exchange Chargeback policy illegally deducts earned commission wages from the Sales Employees in the amount of the commission paid on the item of merchandise when it is exchanged after the sale for a different size or color, etc., despite the fact that Defendants do not lose any money on the exchange. Thus, Defendant's Price Adjustment Chargeback policy and Even Exchange Chargeback policy violate Labor Code § 221 by deducting commission wages previously paid to the Sales Employees.

16.    As a result of Defendants' violations of Labor Code § 221 through their illegal Price Adjustment Chargeback policy and illegal Even Exchange Chargeback policy, Plaintiff TESSITORE seeks, on behalf of the State of California and the Aggrieved Sales Employees, all applicable civil penalties mandated by Labor Code § 2699(f)(2).

## SECOND CAUSE OF ACTION
### PAGA Civil Penalties for Illegal Commission Chargeback Policies
### (Violation of Labor Code § 223)

17.    Plaintiff CRAIG TESSITORE hereby incorporates by reference Paragraphs 1 through 16 above as though fully set forth herein.

18.    Labor Code § 223 states that "where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract." Section 223 applies where the employer nominally pays employees the wage required by contract or statute, but then requires the employees to pay back a portion of the wages so that in reality the employees are earning less than was required. *Amaral v. Cintas Corp. No. 2* (2008) 163 Cal.App.4th 1157, 1204-1205. Under § 223, the secret is being kept from the applicable enforcement agency--not from the employees. *Id.* at p. 1205. "[T]he secret is not the making of an 'underpayment' but rather the existence of the employer's obligation to pay more." *Id.*

19.    Defendants' Price Adjustment Chargeback policy and Even Exchange Chargeback policy violate Labor Code § 223 because the underpayment of commission wages resulting from these policies are kept secret from California law enforcement agencies as well as Defendants' obligation to pay the full amount of commission wages owed to the Sales Employees. *Amaral v. Cintas Corp. No. 2* (2008) 163 Cal.App.4th 1157, 1204-1205.

20.    As a result of Defendants' violations of Labor Code § 223 through their illegal Price Adjustment Chargeback policy and illegal Even Exchange Chargeback policy, Plaintiff TESSITORE seeks, on behalf of the State of California and the Aggrieved Sales Employees, all applicable civil penalties mandated by Labor Code § 2699(f)(2).

## THIRD CAUSE OF ACTION
### PAGA Civil Penalties for failure to Pay Wages at Termination
### (Violation of Labor Code §§ 201, 202, 203)

21.    Plaintiff CRAIG TESSITORE hereby incorporates by reference Paragraphs 1 through 20 above as though fully set forth herein.

Exhibit A
Page 8 of 24

22.    Labor Code §201(a) states that if an employer discharges an employee, all wages earned and unpaid at the time of discharge are due and payable immediately. Likewise, pursuant to Labor Code § 202(a), if an employee resigns, the employer must pay all wages earned and unpaid not later than 72 hours after resignation.

23.    When Defendants terminate Sales Employees or when the employees resign, Defendants issue wage statements indicating that final wages are being paid, when in fact the entire paycheck or large portions of the wages listed on the paycheck are withheld by Defendants, which requires the employees to discover the illegal withholding and then request the unpaid wages from Defendants. This illegal withholding of final wages by Defendants is an intentional scheme undertaken by Defendants to reduce labor costs, and violates Labor Code §§ 201 and 202.

24.    Additionally, as set forth above, Defendants do not pay their Sales Employees all commission wages owed as a result of the illegal Price Adjustment Chargeback policy and the illegal Even Exchange Chargeback policy. Thus, in violation of Labor Code §§ 201 and 202, Defendants' Sales Employees are not paid these wages at the time of termination or resignation.

25.    As a result of these violations of §§ 201 and 202, Plaintiff Tessitore seeks, on behalf of the State of California and all other Aggrieved Sales Employees, all applicable civil penalties mandated by Labor Code § 2699(f)(2). Additionally, pursuant to Labor Code § 558 and Wage Order No. 7, Plaintiff Tessitore seeks PAGA civil penalties in the amount of the unpaid wages withheld from the Sales Employees, including minimum wages, contractual wages, and/or commission wages, which civil penalties are to be paid solely to the Aggrieved Sales Employees. *See Reynolds v. Bement* (2005) 36 Cal.4th 1075, 1075-1089;

*Thurman v. Bayshore Transit Management* (2012) 203 Cal.App.4th 1112, 1147-1148.

## VI.    CLASS ACTION ALLEGATIONS

26.    Plaintiffs incorporate by this reference Paragraphs 1 through 25 above as though fully set forth herein.

27.    Plaintiffs TESSITORE and MALLON bring this action on behalf of themselves and all others similarly situated as a class action pursuant to Code of Civil Procedure § 382.  The Class, also referred to as the "Represented Employees," that Plaintiffs seek to represent is defined as follows:

> All current and former employees of Macy's West
> Stores, Inc. who were employed by Macy's in California
> as commissioned sales employees at any time during the
> period commencing four (4) years preceding the filing of
> this complaint up through the time of the final judgment
> in this matter.

28.    Plaintiffs TESSITORE and MALLON, as Class Representatives, are members of the class they seek to represent.

29.    At all relevant times alleged herein, the Represented Employees were employees of Defendants and were subjected to Defendants' (1) unlawful deduction of wages due to the Price Adjustment Chargeback policy and Even Exchange Chargeback policy, (2) failure to timely pay all wages due and owing upon separation from employment within the time required by Cal. Labor Code §§ 201 – 203, and (3) unfair and unlawful competition.

30.    This action has been brought and may be properly maintained as a class action under Code of Civil Procedure § 382 because Defendants' practices were applied uniformly to all members of the Class, so that the questions of law and fact are common to all members of the Class.

31.    All members of the Class were and/or are similarly affected by the actions of Defendants as alleged herein, and the relief sought herein is for the benefit of Plaintiffs and members of the Class.

32.    **Numerosity**:  The potential members of the Class as defined are so numerous that a joinder of all Class Members is impracticable.  Although the exact number is currently unknown, that information is easily ascertainable from Defendants' payroll and personnel records.

33.    **Commonality**:  Questions of law and fact common to Plaintiffs and the Class exist that predominate over questions affecting only individual members, including:

i.    Whether Defendants deducted earned commissions from the Represented Employees under Defendants' Price Adjustment Chargeback policy and Even Exchange Chargeback policy, in violation of California law;

ii.    Whether Defendants failed to timely pay all wages due and owing to the Represented Employees upon separation from employment, as required by Cal. Labor Code §§ 201 – 203;

iii.    Whether Defendants violated California Business & Professions Code §§ 17200 *et seq.* by unlawfully deducting earned wages under the Price Adjustment Chargeback policy and the Even Exchange Chargeback policy, and by failing to timely pay all wages due and owing to the Represented Employees upon separation from employment;

iv.    Whether Defendants violated § 17200 *et seq.* of the California Business and Professions Code and, without limitation, California Labor Code §§ 201, 202, 203, 221, and 223 and Wage Order No. 7; and

v.    Whether Plaintiff and Represented Employees are entitled to equitable relief pursuant to California Business & Professions Code §§ 17200 *et seq.*, including restitution of wages.

34.    **Typicality**:  Plaintiffs' claims, as the Class Representatives, are typical of the claims of the Class. The Class Representatives, like other members of the Class, were subjected to the same Labor Code violations committed by Defendants as alleged herein.

35.    **Adequacy of Representation.** Plaintiffs, as the Class Representatives, will fairly and adequately represent and protect the interests of the Class Members. Plaintiffs' interests are not in conflict with those of the Class Members. Class Representatives' counsel is competent and experienced in litigating large employment class actions and other complex litigation matters, including cases like this case.

36.    **Superiority of Class Action.** Class certification is appropriate because a class action is superior to other available means for the fair and efficient adjudication of this controversy. Each Class Member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and practices set forth above. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.  Absent a class action, it would be highly unlikely that the representative Plaintiffs or any other members of the Class would be able to protect their own interests because the cost of litigation through individual lawsuits might exceed expected recovery.

37.    Certification is also appropriate because Defendants acted, or refused to act, on grounds generally applicable to both the Class Representatives and the Class, thereby making appropriate the relief sought on behalf of the Class. Further, given the large number of Represented Employees, allowing individual actions to

1   proceed in lieu of a class action would run the risk of yielding inconsistent and

2   conflicting adjudications.

3       38.     A class action is a fair and appropriate method for the adjudication of

4   the controversy, in that it will permit a large number of claims to be resolved in a

5   single forum simultaneously, efficiently, and without the unnecessary hardship that

6   would result from the prosecution of numerous individual actions and the

7   duplication of discovery, effort, expense and burden on the courts that individual

8   actions would engender.

9       39.     The benefits of proceeding as a class action, including providing a

10  method for obtaining redress for claims that would not be practical to pursue

11  individually, outweigh any difficulties that might be argued with regard to the

12  management of this class action.

## FOURTH CAUSE OF ACTION

### Unlawful Deduction of Wages

### (Violation of Cal. Labor Code § 221)

16      40.     Plaintiffs reallege and incorporate by reference paragraphs 1 through

17  39 above as though fully set forth herein.

18      41.     California Labor Code § 221 states that "[i]t shall be unlawful for any

19  employer to collect or receive from an employee any part of wages theretofore paid

20  by said employer to said employee." California Labor Code § 200 defines "wages"

21  as "all amounts for labor performed by employees of every description, whether

22  the amount is fixed or ascertained by the standard of time, task, piece, *commission*

23  *basis*, or other method of calculation."  For this reason, sales commissions are

24  "wages." See *Reid v. Overland Machined Products* (1961) 55 Cal.2d 203, 207–

25  208; *Koehl v. Vero, Inc.* (2006) 142 Cal.App.4th 1313, 1329 ("*Koehl*"); *Hudgins v.*

26  *Neiman Marcus Group*, Inc. (1995) 34 Cal.App.4th 1109, 1118 ("*Hudgins*").

27      42.     California Labor Code § 221 reflects "'California's strong public

28  policy favoring the protection of employees' wages,' including amounts earned

Exhibit A

Page 13 of 24

1 through commissions on sales." *Sciborski v. Pacific Bell Directory* (2012) 205

2 Cal.App.4th 1152, 1166 ("*Sciborski*"), quoting *Harris v. Investor's Business Daily,*

3 *Inc.* (2006) 138 Cal.App.4th 28, 40–41. Furthermore, Labor Code §219 states that

4 the protections of Labor Code § 221 cannot "be contravened or set aside by a

5 private agreement." Therefore, the rights under Labor Code § 221 are

6 nonnegotiable and cannot be waived by the parties. See *Sciborski, supra* at 1166.

7 Also, under California Labor Code §§ 219 and 221, an employer may not "require

8 its employees to consent to unlawful deductions from their wages." *Hudgins, supra*

9 at 1124.

10    43.    As previously alleged herein, at all relevant times, Plaintiffs and the

11 Represented Employees were subjected to unlawful deductions from earned

12 commission wages due to Defendants' Price Adjustment Chargeback policy and

13 Even Exchange Chargeback policy. Defendants' Price Adjustment Chargeback

14 policy and Defendants' decision to discount merchandise after the sale is entirely

15 unrelated to the sale of goods between the Sales Employee and customers. This

16 policy unlawfully shifts the costs of doing business (i.e. Macy's losses on

17 discounted items to generate other business and sales) to the Sales Employees, in

18 violation of Labor Code § 221, by deducting this cost directly from the Sales

19 Employees' earned commission wages. This deduction is done after the sale is

20 complete and after the Sales Employees have been paid commissions on the

21 original sale. Likewise, Defendants' Even Exchange Chargeback policy illegally

22 deducts earned commission wages from the Sales Employees in the amount of the

23 commission paid on the item of merchandise when it is exchanged after the sale for

24 a different size or color, etc., despite the fact that Defendants do not lose any

25 money on the exchange.

26    44.    As a result of Defendants' unlawful deduction of wages pursuant to

27 the Price Adjustment Chargeback policy and the Even Exchange Chargeback

28 policy, Plaintiffs, on behalf of themselves and the Represented Employees, seek

recovery under Labor Code § 221 of all unlawfully deducted wages, interest thereon, attorneys' fees, and costs of suit against Defendants in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION

### Unlawful Deduction of Wages

### (Violation of Labor Code § 223)

45.    Plaintiffs hereby incorporate by reference Paragraphs 1 through 44 above as though fully set forth herein.

46.    Labor Code § 223 states that "where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract." Section 223 applies where the employer nominally pays employees the wage required by the contract but then requires the employees to pay back a portion of the wages so that in reality the employees are earning less than was required. *Amaral v. Cintas Corp. No. 2* (2008) 163 Cal.App.4th 1157, 1204-1205. Under § 223, the secret is being kept from the applicable state enforcement agency--not from the employees. *Id.* at p. 1205. "[T]he secret is not the making of an 'underpayment' but rather the existence of the employer's obligation to pay more." *Id.*

47.    Defendants' Price Adjustment Chargeback policy and Even Exchange Chargeback policy violate Labor Code § 223 because the underpayment of commission wages resulting from these policies, as alleged above, is kept secret from California law enforcement agencies as well as Defendants' obligation to pay the full amount of commission wages owed to the Sales Employees. *Amaral v. Cintas Corp. No. 2* (2008) 163 Cal.App.4th 1157, 1204-1205.

48.    As a result of Defendants' unlawful deduction of wages pursuant to the Price Adjustment Chargeback policy and the Even Exchange Chargeback policy, Plaintiffs, on behalf of themselves and the Represented Employees, seek

recovery under Labor Code § 223 of all unlawfully deducted wages, interest thereon, attorneys' fees, and costs of suit against Defendants in an amount to be proven at trial.

<div align="center">

**SIXTH CAUSE OF ACTION**

**Failure to Pay Wages Owed at Separation of Employment**

**(Violation of Labor Code §§ 201, 202, 203)**

</div>

49.    Plaintiffs hereby incorporate by reference Paragraphs 1 through 48 above as though fully set forth herein.

50.    Labor Code §201(a) states that if an employer discharges an employee, all wages earned and unpaid at the time of discharge are due and payable immediately. Likewise, pursuant to Labor Code § 202(a), if an employee resigns, the employer must pay all wages earned and unpaid not later than 72 hours after resignation.

51.    When Defendants terminate Sales Employees or when the employees resign, Defendants issue wage statements indicating that final wages are being paid, when in fact the entire paycheck or large portions of the wages listed on the paycheck are withheld by Defendants, which requires the employees to discover the illegal withholding of wages and then request the unpaid wages from Defendants. This illegal withholding of final wages by Defendants is an intentional scheme undertaken by Defendants to reduce labor costs. This policy violates Labor Code §§ 201 and 202.

52.    Defendants do not pay the Sales Employees all commission wages owed as a result of the illegal Price Adjustment Chargeback policy and illegal Even Exchange Chargeback policy. Thus, in violation of Labor Code §§ 201 and 202, Defendants' Sales Employees are not paid these wages at the time of termination or resignation.

53.    Defendants' violations of §§ 201 and 202 as set forth above, are willful. Accordingly, Plaintiffs seek, on behalf of themselves and the Class, the penalties provided by Labor Code § 203 in the amount of 30 days of wages for each former Sales Employee.

## SEVENTH CAUSE OF ACTION

### Unfair Competition

### (Violation of California Business and Professions Code §17200, *et seq.*)

54.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 53 above as though fully set forth herein.

55.    California Business & Professions Code § 17200, et seq., prohibits acts of unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice..." The Represented Employees, including Plaintiffs, have suffered and continue to suffer injuries in fact, due to the unfair and unlawful business practices of Defendants as alleged herein above. As alleged in detail above, Defendants engaged in conduct that violated California's wage and hour laws. From the time that each Represented Employee was hired, Defendants failed to comply with the California Labor Code and IWC Wage Order No. 7 through their actions as herein alleged.

56.    At all relevant times herein, Defendants did not pay the Represented Employees wages and monies and other financial obligations attached thereto to which they were entitled.

57.    As a result of Defendants' failure to comply with the Labor Code and IWC Wage Order No. 7, the Represented Employees, including Plaintiffs, suffered a loss of wages and monies, all in an amount to be shown according to proof at trial. Defendants' ongoing violations of the foregoing statutes and laws constitute a violation of Bus. & Prof. Code § 17200, *et seq.*

58.    Defendants' violations of the California Labor Code and IWC Wage Order No. 7 and their scheme to lower payroll costs and costs of doing business

through their illegal Price Adjustment Chargeback policy, illegal Even Exchange Chargeback policy, and unlawful failure to pay all wages due at the time of separation from employment, including the withholding of minimum wages, contractual wages, and/or commission wages required to be paid by the Labor Code and Wage Order No. 7, subdivisions 3 and 4, and the other violations as alleged herein, constitute unlawful and unfair business practices because it was done in a systematic manner over a period of time to the detriment of the Plaintiffs and all others similarly-situated.

59.    As a result of the unfair business practices of Defendants alleged herein, Plaintiffs and all Represented Employees are entitled to restitution of their unlawfully deducted wages and unlawfully withheld wages at the time of the termination of employment in an amount according to proof at trial. As private attorneys general under California Code of Civil Procedure § 1021.5, Represented Employees seek to recover any and all attorneys' fees and costs incurred herein.

## VII.  **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment for themselves and all others on whose behalf this suit is brought, against Defendants, jointly and severally, as follows:

1.    For certification of the Fourth through the Seventh Causes of Action as a Class Action pursuant to Code of Civil Procedure § 382.

2.    For appointment of Plaintiffs as the representatives of the Class.

3.    For appointment of Counsel for Plaintiffs as Class Counsel for the Class.

4.    For such general, special and liquidated damages as may be appropriate, including all damages alleged above.

5.    For payment of all unpaid wages and illegally deducted wages that were denied due to Defendants' illegal Price Adjustment Chargeback policy,

illegal Even Exchange Chargeback policy, and illegal withholding of wages at termination of employment policy.

6.    For waiting time penalties of up to thirty (30) days of wages as provided for in Labor Code § 203 for all Class members who are no longer employed by Defendants.

7.    For restitution of all unpaid wages and illegally deducted and illegally withheld wages, as described in the claim for relief under Business. & Prof. Code § 17200 et seq. above.

8.    For all applicable civil penalties available under The Labor Code Private Attorneys General Act (Lab. C. § 2698 et seq.), Wage Order No. 7, and California law, plus reasonable attorney's fees and costs.

9.    For reasonable attorneys' fees and costs of suit to the extent permitted by law.

10.    For pre- and post-judgement interest.

11.    For such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, hereby demand a jury trial as to the Fourth through Seventh Causes of Action pled in the Complaint herein.

Date: September 4, 2018                    LAW OFFICES OF KIRK D. HANSON

By: _____

Kirk D. Hanson
Attorneys for Plaintiffs

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Kirk D. Hanson, Esq., (SBN 167920) Law Offices of Kirk D. Hanson
2790 Truxtun Rd., Ste. 140
San Diego, CA 92106

TELEPHONE NO.: 619/523-1992    FAX NO.: 619/523-9002
ATTORNEY FOR *(Name):* Craig Tessitore and Sarah Mallon

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice

CASE NAME:
Craig Tessitore and Sarah Mallon v. Macy's West Stores, Inc.

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**09/04/2018** at 05:03:09 PM

Clerk of the Superior Court
By Gen Dieu, Deputy Clerk

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ✔ **Unlimited** (Amount demanded exceeds $25,000) | **Limited** (Amount demanded is $25,000 or less) | **Counter** | **Joinder** Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 37-2018-00044691-CU-OE-CTL |
| | | | | JUDGE: Judge Timothy Taylor |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✔] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [✔] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [✔] Large number of separately represented parties
   b. [✔] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✔] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✔] monetary  b.[✔] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action *(specify):* 7 claims relating to unpaid commission wages
5. This case [✔] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 4, 2018
Kirk D. Hanson, Esq.
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

Exhibit A
Page 20 of 24

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS:   330 W Broadway
MAILING ADDRESS:   330 W Broadway
CITY AND ZIP CODE:   San Diego, CA 92101-3827
BRANCH NAME:   Central
TELEPHONE NUMBER:   (619) 450-7072

PLAINTIFF(S) / PETITIONER(S):   Craig Tessitore et.al.

DEFENDANT(S) / RESPONDENT(S):   Macys West Stores Inc

TESSITORE VS MACYS WEST STORES INC [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE | CASE NUMBER: 37-2018-00044691-CU-OE-CTL |
| --- | --- |

## CASE ASSIGNMENT

Judge:  Timothy Taylor                                                    Department: C-72

**COMPLAINT/PETITION FILED:** 09/04/2018

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
| --- | --- | --- | --- | --- |
| Civil Case Management Conference | 02/08/2019 | 09:15 am | C-72 | Timothy Taylor |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES:  In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com.  Refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases or guidelines and procedures.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

Exhibit A
Page 21 of 24

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Kirk D. Hanson (SBN 167920) Law Offices of Kirk D. Hanson
2790 Truxtun Rd., Ste. 140
San Diego, CA 92106

TELEPHONE NO.: 619/523-1992          FAX NO.(Optional): 619/523-9002
E-MAIL ADDRESS (Optional): hansonlaw@cox.net
ATTORNEY FOR (Name): Plaintiffs Craig Tessitore and Sarah Mallon

**FOR COURT USE ONLY**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
☐ CENTRAL DIVISION, CENTRAL COURTHOUSE, 1100 UNION ST., SAN DIEGO, CA 92101
☐ CENTRAL DIVISION, COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101
☒ CENTRAL DIVISION, HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101
☐ CENTRAL DIVISION, FAMILY COURT, 1501 6TH AVE., SAN DIEGO, CA 92101
☐ CENTRAL DIVISION, MADGE BRADLEY, 1409 4TH AVE., SAN DIEGO, CA 92101
☐ CENTRAL DIVISION, KEARNY MESA, 8950 CLAIREMONT MESA BLVD., SAN DIEGO, CA 92123
☐ CENTRAL DIVISION, JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081
☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910

PLAINTIFF(S)
Craig Tessitore and Sarah Mallon

| DEFENDANT(S)<br>Macy's West Stores, Inc. | JUDGE<br>Timothy Taylor |
| --- | --- |
| IN THE MATTER OF<br><div align="right">A MINOR</div> | DEPT<br>C-72 |
| **PEREMPTORY CHALLENGE** | CASE NUMBER<br>37-2018-00044691-CU-OE-CTL |

Kirk D. Hanson _____, is ☐ a party ☒ an attorney for a party in the
above-entitled case and declares that Timothy Taylor _____, the judge to whom this case is
assigned, is prejudiced against the party or the party's attorney or the interests of the party or the party's attorney such that the
said party or parties believe(s) that a fair and impartial trial or hearing cannot be had before such judge.

WHEREFORE, pursuant to the provisions of Code Civ. Proc. §170.6, I respectfully request that this court issue its order
reassigning said case to another, and different, judge for further proceedings.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: September 6, 2018 _____

_____
Signature

**ORDER OF THE COURT**

☐ GRANTED - This case is referred to Presiding/Supervising Department for reassignment and a notice will be mailed to counsel.

☐ DENIED

Date: _____          _____
Judge/Commissioner/Referee of the Superior Court

**FOR OFFICE USE ONLY**

This case has been reassigned to Judge _____ per Presiding/Supervising Judge
_____ on _____.

SDSC CIV-249 (Rev. 10/10)                **PEREMPTORY CHALLENGE**                Code Civ. Proc. § 170.6

Exhibit A
Page 22 of 24



| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS:      330 West Broadway
MAILING ADDRESS:   330 West Broadway
CITY AND ZIP CODE:   San Diego, CA 92101
BRANCH NAME:         Central
TELEPHONE NUMBER: (619) 450-7066

PLAINTIFF: Craig Tessitore et.al.

DEFENDANT: Macys West Stores Inc

Short Title: Tessitore vs Macys West Stores Inc [IMAGED]

| **NOTICE OF CASE REASSIGNMENT** | CASE NUMBER:<br>37-2018-00044691-CU-OE-CTL |
|---|---|

**Filed :** 09/04/2018

**EFFECTIVE IMMEDIATELY, THE ABOVE-ENTITLED CASE HAS BEEN REASSIGNED**

to Judge Kenneth J Medel, in Department C-66

due to the following reason:   170.6

All subsequent documents filed in this case must include the name of the new judge and the department number on the first page immediately below the number of the case. All counsel and self-represented litigants are advised that Division II of the Superior Court Rules is strictly enforced. It is the duty of each plaintiff (and cross-complainant) to serve a copy of this notice with the complaint (and cross-complaint).

ANY NEW HEARINGS ON THIS CASE WILL BE SCHEDULED BEFORE THE NEW JUDICIAL OFFICER

Exhibit A
Page 23 of 24



| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS:       330 West Broadway | |
| MAILING ADDRESS:      330 West Broadway | |
| CITY AND ZIP CODE:   San Diego, CA 92101 | |
| BRANCH NAME:          Central | |
| TELEPHONE NUMBER:  (619) 450-7066 | |

| PLAINTIFF(S)/PETITIONER(S)/APPELLANT(S): Craig Tessitore et.al. |
|---|
| DEFENDANT(S)/RESPONDENT(S): Macys West Stores Inc |
| Short Title: Tessitore vs Macys West Stores Inc [IMAGED] |

| NOTICE OF HEARING | CASE NUMBER:<br>37-2018-00044691-CU-OE-CTL |
|---|---|

Notice is given that the above-entitled case has been set for the reason listed below and at the location shown above.  All inquiries regarding this notice should be referred to the court listed above.

| TYPE OF HEARING | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 05/03/2019 | 08:30 am | C-66 | Kenneth J Medel |

Counsel: Check service list.  If you have brought a party into this case who is not included in the service list, San Diego Superior Court Local Rules, Division II, requires you to serve the party with a copy of this notice.

A case management statement must be completed by counsel for all parties or parties in pro per and timely filed with the court at least 15 days prior to the initial case management conference.  (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR options.

Exhibit A
Page 24 of 24

Exhibit B

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Kirk D. Hanson (SBN 167920) Law Offices of Kirk D. Hanson
2790 Truxtun Rd., Ste. 140
San Diego, CA 92106

TELEPHONE NO.: 619/523-1992    FAX NO. *(Optional):* 619/523-9002
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Craig Tessitore and Sarah Mallon

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice

PLAINTIFF/PETITIONER: Craig Tessitore and Sarah Mallon

DEFENDANT/RESPONDENT: Macy's West Stores, Inc.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: 37-2018-00044691-CU-OE-CTL |
|---|---|

TO *(insert name of party being served):* Macy's West Stores, Inc.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: September 10, 2018

Kirk D. Hanson
_____
(TYPE OR PRINT NAME)    ► _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☑ A copy of the summons and of the complaint.
2. ☑ Other *(specify):*
   Civil Case Cover Sheet; Notice of Case Assignment and Case Management Conference; Peremptory Challenge; SD Superior Court Alternative Dispute Resolution Information; Stipulation to Use Alternative Dispute Resolution; General Order RE Imaged Court Records, Electronic Filing; Electronic Filing Requirements of the SD Sup. Ct.-Civil

*(To be completed by recipient):*

Date this form is signed: Sept. 14, 2018

David E. Martin, Esq./Macy's West Stores, Inc.
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)    ► _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| | | |
|---|---|---|
| Form Adopted for Mandatory Use Judicial Council of California POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Page 1 of 1 Code of Civil Procedure, §§ 415.30, 417.10 www.courtinfo.ca.gov |